# Skubisz *v*. Gunther, Appellant.

*Trover and conversion — Trespass — Conversion of steamship ticket—Possession at time of demand.*

An action of trespass may be maintained to recover the value of a steamship ticket which the plaintiff delivered to the defendant to send to the steamship company for redemption, where it is established that the plaintiff made a demand for the return of the ticket, and that the defendant's assertion made at the time of the demand, as well as at the trial, that he had sent the ticket to the company, is not true.

*Appeals—Assignment of error—Admission of evidence.*

An assignment of error to the admission of evidence will not be considered where the appellant has not quoted the evidence in the assignment, nor referred to the place in the appendix where it may be found.

Submitted Oct. 22, 1915.    Appeal, No. 140, Oct. T., 1915, by defendant, from judgment of the Municipal Court, Philadelphia Co., Feb. T., 1915, No. 238, for plaintiff on case tried by the court without a jury, in case of Michael Skubisz v. Karol Gunther.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Trespass for the conversion of a steamship ticket. Before WHEELER, J.

At the trial it appeared that the plaintiff purchased a steamship ticket from the Uranium Steamship Company for the transportation of a person from Europe.   The ticket was not used, and the plaintiff delivered it to the defendant to send to the Steamship Company at Toronto, Canada, for redemption.   Other facts appear by the opinion of the Superior Court.

The court entered judgment for plaintiff for $53.65. Defendant appealed.

*Error assigned* was in entering judgment for plaintiff

and in refusing motion for defendant non obstante veredicto.

*Louis Goodfriend,* for appellant.—In order that an action of trover may be maintained, it is an essential ingredient to prove that the defendant had the object in possession and able to deliver it to the plaintiff at the time of demand for the return thereof, and if the defendant has not such possession thereof, and has not tortiously obtained it from the plaintiff, then the action is not maintainable: Spear v. Alexander, 2 Philadelphia 89; Smith v. Young, 1 Campbell 439; Canot v. Hughes, 2 Bingh. N. C. 448; Kelsey v. Griswold, 6 Barb. Supreme Ct. (N. Y.) 436; Bunting v. Dessau, 9 Philadelphia 31; Shaw v. Swope, 8 Pa. Superior Ct. 491; Lowry v. Walker, 4 Vt. 76; Irish v. Cloyes, 8 Vt. 30; Duffield v. Miller, 92 Pa. 286; Martin v. Megargee, 212 Pa. 558; Keyser v. Rodgers, 50 Pa. 275; Hutchinson v. Merchants & Mechanics Bank, 41 Pa. 42.

*Walter Thomas,* for appellee.—Where an article has been given for a specific purpose and it has not been applied to that purpose it is larceny: Com. v. Maher, 11 Philadelphia 425; Brunner v. Griffith, 4 Dist. 640; Withrow v. Walker, 41 Pa. Superior Ct. 155.

OPINION BY RICE, P. J., April 17, 1916:

The plaintiff bought from the defendant a passage ticket issued by a steamship company and afterwards redelivered it to the defendant upon the latter's promise to forward or present it to the company for redemption and to turn over to the plaintiff the money obtained thereby. The latter made repeated demands upon the defendant to return the ticket or the money. These demands were not complied with, the defendant asserting in response thereto that he had sent the ticket to the company for redemption, and that the company retained it, but had not sent him the redemption money. Subse-

quently the plaintiff brought this action of trespass and alleged in his statement, as the basis of his claim for damages, that the defendant had tortiously converted the ticket to his own use. The case was tried by the court without a jury and resulted in a general finding in the plaintiff's favor for a certain sum and judgment thereon.

It is argued, that when there has been no actual conversion of property a demand and refusal cannot lay a foundation for the action of trover, unless at the time of the refusal the party has the property demanded, so that he can comply with the demand, and that under the evidence in this case the defendant did not have the ticket in his possession at the time the return of it was demanded; therefore he was entitled to an affirmance of his point that under all the evidence the verdict should be in his favor, or, failing in that, to the granting of his motion for judgment n. o. v. A fatal defect in this argument is that it assumes as an admitted or undisputed fact that the ticket was not in the defendant's possession at the time the demand was made, whereas there was evidence, though not uncontradicted, tending to show that his assertion at that time, as well as at the trial, that he had sent the ticket to the company was not true. It may be conceded for present purposes that his mere giving a false statement to the plaintiff as to how the ticket passed from his possession would not preclude him from showing on the trial the truth as to that matter, and if thereby the inference of conversion would be rebutted there could be no recovery in this form of action. But the explanation he gave on the trial did not differ essentially from that which he gave the plaintiff as an excuse for not complying with the latter's demand. Whether it was true was a question of fact arising upon conflicting evidence which it was the exclusive province of the trial court to decide. Giving to the general finding of the court the effect of a general verdict of a jury, as must be done, it is fairly to be pre-

sumed that the court found that the excuse the defend-
ant set up was not true in fact, and therefore concluded,
that the ticket which admittedly went into the defend-
ant's possession was still in his possession at the time
the demand was made or had previously been converted
to his own use. In either event he would be liable. Clear-
ly the plaintiff did not part with his general property
in the ticket by delivering it to the defendant for the
special purpose of presenting it to the company for re-
demption. It is equally clear that upon breach of the
trust on which the defendant received it the plaintiff's
right to immediate possession accrued. The principle
applied in the cases cited by appellant's counsel—Duf-
field v. Miller, 92 Pa. 286, and Martin v. Megargee, 212
Pa. 558—has no application to such a case. We express
no opinion upon the questions of fact involved in the
case. It is sufficient for present purposes to say that the
case was not one where under all the evidence the find-
ing must be for the defendant as matter of law, and
therefore was not a case where judgment n. o. v. should
be entered under the Act of 1905. This is all that need
be said as to the first four assignments of error.

The fifth assignment alleges error in the admission of
certain evidence, but the evidence is not quoted in the
assignment, nor is the place in the appendix where it
may be found stated. The assignment is in plain vio-
lation of Rule XVI of this court, and for that reason
will not be considered.

The assignments of error are overruled, and the judg-
ment is affirmed.

The opinion in the above mentioned case was written by Judge
RICE, to whom the case was duly assigned for that purpose during
his term of office, and is now adopted as the opinion of the court.

BY THE COURT.